UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SCOTT A. LIFER,

Plaintiff,

v.

LUMBER TECHNOLOGIES CORPORATION, MONROE SATSKY, DARREN SATSKY, MICHAEL R. SPAR, MINNESOTA DEPARTMENT OF REVENUE, RICHARD GROGER, LINDA GOTT, M. J. SCHAEFER, and MATTHEW G. SMITH,

Defendants.

CIVIL NO. 01-1874 (RHK/JMM)

ORDER TO SHOW CAUSE

The parties to this action appeared before the Court on January 8, 2002, for a hearing on Defendants' Motions to Dismiss [Docket Nos. 7, 13]. Plaintiff appeared *pro se*; James Poradek, Esq. appeared on behalf of Defendants Lumber Technologies, Monroe Satsky, Darren Satsky, and Michael Spar; Craig Anderson, Esq. appeared on behalf of the remaining Defendants. At the end of the hearing, the Court advised Plaintiff that it was issuing an Order to Show Cause pursuant to Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure.

Accordingly, the Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Pursuant to the provisions of Rule 11(c) of the Federal Rules of Civil Procedure, no later than January 31, 2002, Plaintiff shall either cause his Complaint to be dismissed, or deliver and file a Memorandum with supporting Affidavits demonstrating why

FILED JAN 09 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the Complaint should not be dismissed with prejudice, and why sanctions should not be imposed against him for violating Rule 11(b)(2) of the Federal Rules of Civil Procedure.

2. If Plaintiff chooses to file a Memorandum and supporting Affidavits, Defendants may file a Response no later than February 7, 2002.

Dated: January 8, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

As the Court explained on the record at the hearing, it appears that Plaintiff may have violated Rule 11(b)(2) of the Federal Rules of Civil Procedure. This view is based upon multiple arguments asserted by Defendants in support of their Motions to Dismiss, including lack of subject matter jurisdiction, statutory immunity, lack of state action, Eleventh Amendment immunity, res judicata, and the existence of an adequate state remedy.

J.M.M.