UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SCOTT A. LIFER,

Plaintiff,

v.

LUMBER TECHNOLOGIES CORPORATION, MONROE SATSKY, DARREN SATSKY, MICHAEL R. SPAR, MINNESOTA DEPARTMENT OF REVENUE, RICHARD GROGER, LINDA GOTT, M. J. SCHAEFER, and MATTHEW G. SMITH,

Defendants.

CIVIL NO. 01-1874 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on January 8, 2002 upon Defendant Lumber Technologies' Motion to Dismiss or for Summary Judgment [Docket No. 7], Defendant Minnesota Department of Revenue's Motion to Dismiss or for Summary Judgment [Docket No. 13][1], and Plaintiff's Motion for Extension of Time to Respond to State Defendant's Motion [Docket No. 16]. Plaintiff Scott A. Lifer appeared pro se; James Poradek, Esq. appeared on behalf of Defendant Lumber Technologies and Craig Anderson, Esq. appeared on behalf of Defendant Minnesota Department of Revenue. The Matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Having considered the Memoranda and oral argument of the Parties, this Court issued an Order to Show Cause dated January 9, 2002, pursuant to the provisions

[1] Defendant Minnesota Department of Revenue's Motion to Dismiss [Docket No. 13] is also made on behalf of Defendants Richard Groger, Linda Gott, M.J. Schaefer and Matthew Smith.

FILED MAR 0 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

of Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure [Docket No. 24]. The Order required Plaintiff to either cause his Complaint to be dismissed, or deliver and file a Memorandum with supporting Affidavits demonstrating why sanctions should not be imposed against him for violating Rule 11(b)(2) of the Federal Rules of Civil Procedure. On January 31, 2002, Plaintiff submitted his Motion to Dismiss Without Prejudice or in the Alternative to Transfer Case to State Court [Docket No. 26]. Defendants agree that the case should be dismissed, but they oppose the Motion insofar as it seeks to have the case dismissed without prejudice.

## FINDINGS OF FACT/REPORT

### I. PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE [DOCKET NO. 26].

Plaintiff is employed by Defendant Lumber Technologies Corporation. The Corporation withholds Minnesota state income tax from Plaintiff's wages, based upon instructions from the Minnesota Department of Revenue, and its reading of state law. On October 12, 2001, Plaintiff commenced this pro se action, suing his employer, numerous employee representatives of the employer, and various state agencies and state officials, seeking to require that they refrain from such withholdings. The suit resembles the litigation condemned in Edgar v. Inland Steel Co., 744 F.2d 1276 (7th Cir. 1984).

The pleadings submitted by Defendants in support of their Motion to Dismiss tend to substantiate that Plaintiff's Complaint should be dismissed with prejudice on the merits for several reasons, including the following: there does not appear to be federal subject matter jurisdiction over the Complaint; the Complaint does not appear to state a claim upon which relief can be granted against any Defendant; and Minnesota Statutes

and Regulations provide absolute immunity from suit for any employer which withholds state taxes. Finally, the issues which Plaintiff seeks to raise in his Complaint appear to have already been resolved against him on the merits in an administrative proceeding.

Due to the strong showing by Defendants, this Court issued its Order to Show Cause under Rule 11(c) to permit Plaintiff to consider whether to dismiss his Complaint voluntarily, or risk the imposition of costs and attorneys' fees if the Court were to conclude that the Complaint should be dismissed and that provisions of Rule 11 had been violated. Plaintiff has now acquiesced in the dismissal of the Complaint, but he asks that the Complaint be dismissed without prejudice.

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, prior to response to a complaint, a plaintiff has an automatic right to obtain a dismissal without prejudice. Fed. R. Civ. P. 41(a)(1). However, once responsive pleadings have been filed, permission to dismiss without prejudice becomes discretionary and is subject to appropriate terms. Fed. R. Civ. P. 41(a)(2). The purpose of allowing a defendant to object to a dismissal under 41(a)(2) is primarily to prevent voluntary dismissals that prejudice the defendant. Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984). Courts "generally will grant dismissals [without prejudice] where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987)(citing Conafay v. Wyeth Lab., 793 F.2d 350, 350-53 (D.C. Cir. 1986) and Kern, 738 F.2d at 970-71).

In granting a motion to dismiss, Rule 41(a)(2) expressly contemplates that the court may order payment by plaintiff of costs incurred by defendant(s) in the dismissed action as a condition of commencing another action based upon the same claim against

the same defendants. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990)("Once the defendant has filed a summary judgment motion or answer, the plaintiff may dismiss the action only by stipulation, Rule 41(a)(1)(ii), or by order of the court, 'upon such terms and conditions as the court deems proper' Rule 41(a)(2).")(Emphasis supplied). Considerations of judicial economy encourage dismissals without prejudice with conditions, rather than the continued expenditure of valuable judicial resources on the adjudication of the merits of claims not likely to be reasserted. And by conditioning Plaintiff's commencement of a new action upon payment of Defendants attorneys' fees in the present action, this Court is making explicit the power of the court to do so if the Complaint is filed anew, as provided by Rule 41(d) of the Federal Rules of Civil Procedure. See also Minn. R. Civ. P. 41(d).

Defendant Lumber Technologies has expended a considerable amount of time and resources answering Plaintiff's Complaint.[2] The strong showing by Defendants Lumber Technologies and Minnesota Department of Revenue suggests the likelihood that Plaintiff's Complaint is unfounded, and that by bringing such an action, Plaintiff's conduct violates Rule 11(b)(2) of the Federal Rules of Civil Procedure. Plaintiff's pro se status does not relieve him of the duty to comply with the Federal Rules. See, e.g. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983).

---

[2] Although the case remains at the pretrial stage, thus far Defendant Lumber Technologies has filed three memoranda defending itself against Plaintiff's allegations, in addition to making an appearance before this Court to provide oral argument on the issue. We find as fact that Defendant Lumber Technologies has incurred reasonable attorney's fee's and costs to date in the amount of $10,313.75. Documentation concerning attorneys' fees and costs has not been submitted the other Defendants.

In Plaintiff's Memorandum accompanying his Motion to Dismiss, Plaintiff asserts that he will not refile the present claim in federal court, but he does not say that he will not attempt to do so in state court, leaving Defendants with legitimate concern that Plaintiff may reinstitute this action in some form in state court. Defendants therefore seek a ruling on the merits at this time, to avoid the additional burden and expense that would be occasioned by the need to again present the Motions to Dismiss in state court.

If Plaintiff does not commence the action again, Defendants will not incur additional costs, and Plaintiff will not be obliged to pay those costs. If Plaintiff does commence a new action, and he if does not prevail in the new action, Plaintiff will be required to pay to the Defendants all of the costs and legal fees incurred in the present action, in addition to any costs and fees imposed by the court in any newly commenced action. Imposition of this condition is not a sanction under Rule 11, but rather a condition under 41(a)(2), intended to ameliorate any prejudice Defendants will suffer by reason of the decision to grant Plaintiff's Motion to dismiss without prejudice, rather than with prejudice. It also serves as a reminder to Plaintiff of his responsibilities under Rule 11 of the Federal Rules of Civil Procedure. See also Minn. R. Civ. P. 11.

## II. DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT [DOCKET NOS. 7 AND 13] AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO STATE DEFENDANT'S MOTION [DOCKET NO. 16].

If the District Court adopts this recommendation that Plaintiff's Complaint be dismissed without prejudice, the remaining Motions in this matter should be denied as moot.

**RECOMMENDATION**

For the reasons set forth above, it is recommended as follows:

1. Plaintiff's Motion to Dismiss Without Prejudice or in the Alternative to Transfer Case to State Court [Docket No. 26] should be granted upon the condition that if Plaintiff commences this or any similar action against any Defendant, in any court, and does not prevail, Plaintiff Scott A. Lifer shall be liable for the costs and attorneys' fees incurred by Defendants in the action now before the Court, in addition to any other costs, damages or penalties which may be incurred in the newly commenced action.

2. Defendant Lumber Technologies' Motion to Dismiss or for Summary Judgment [Docket No. 7], Defendant Minnesota Department of Revenue's Motion to Dismiss or for Summary Judgment [Docket No. 13] and Plaintiff's Motion for Extension of Time to Respond to State Defendant's Motion [Docket No. 16] should be denied as moot.

Dated: March 1, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **March 18, 2002** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **March 18, 2002.**